IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSHUA L. LYONS,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | EP-23-CV-00092-DB |
| JASON SMITH, et al.,<br>Defendants. | §<br>§<br>§ | |

## ORDER

On this day, the Court considered Plaintiff Joshua Lyons' ("Plaintiff's") "Motion for Default," filed May 31, 2023.   Plaintiffs urges the Court to enter a default judgment against Defendants under Federal Rule of Civil Procedure 55 ("Rule 55") on the grounds that Defendants failed to timely plead or defend as required by Federal Rule of Civil Procedure 12 ("Rule 12").   Although the Defendants failed to timely respond, the Court finds that Plaintiff's motion is not supported by well-pleaded allegations and thus dismiss his Motion for Default Judgment.

## BACKGROUND

Plaintiff filed his Complaint on March 6, 2023, alleging unreasonable search and seizure and false arrest in violation of the Fourth and Fifth Amendment of the United States Constitution and violations of 42 U.S.C. Sec. 1983 (Civil action for deprivation of rights), 42 U.S.C. Sec. 1985(3) (Conspiracy to interfere with civil rights – depriving persons of rights or privileges), 18 U.S.C. Sec. 241 (Conspiracy against rights), 18 U.S.C. Sec. 242 (Deprivation of rights under color of law), 18 U.S.C. Sec. 1001(3) (false writing or document) and 18 U.S.C. Sec. 113b – 2331(5) (definition of the term "domestic terrorism").   Complaint ("Compl.") ECF No. 3.

On April 14, 2023, a summons was issued as to Defendants Patrick Brookshier, Stephanie Cardoza, Jason Robinson, Jason Smith, Carlos Solis, and John Valenzuela.   ECF No. 10.   On April 21, 2023, the summons were returned executed as to all defendants.   ECF No. 13.   With regard to Defendant Carlos Solis ("Defendant Solis"), Plaintiff filed a Proof of Service stating that on April 18, 2023, process was "delivered via FedEx, and signed for. Receipt has been attached as well."   *Id.* at 14.   The tracking information provided by Plaintiff showed the status as "Delivered", it was signed for by "J. Brown", and it was delivered to the Receptionist/Front Desk.   *Id.* at 15.   For Defendant Stephanie Cardoza ("Defendant Cardoza"), Plaintiff also filed a Proof of Service, stating that on April 18, 2023, process was "delivered via FedEx, and signed for.   Receipt has been attached as well."   *Id.* at 17.   The tracking information provided by Plaintiff shows the status as "Delivered," it was signed for by "S. Brighton", and it was delivered to the Receptionist/Front Desk.   *Id.* at 18.

Per the Federal Rules of Civil Procedure, a Defendant must serve an answer within 21 days after being served with the summons and complaint.   *See* Fed. R. Civ. P. 12(a)(1)(A)(ii).   Defendants Solis and Cardoza's Answer was due on May 9, 2023.   *See* ECF No. 13.   On May 31, 2023, after neither Defendant Solis nor Defendant Cardoza answered the complaint within the 21 days, Plaintiff filed a Motion for Default Judgment against Defendants Solis and Cardoza.   ECF No. 19.

## STANDARD

Under Rule 55, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the moving party may file for default judgment from either the clerk or the court.   Fed. Rule Civ. Proc. 55.   When relief under Rule 55 is appropriate, entering a default judgment is "committed to the discretion of the district judge."

Mason v. Lister, 562 F.2d 343 (5th Cir. 1977); *see also Mayflower Transit LLC v. Troutt,* 332 F.

Supp. 2d 971, 974 (W.D.T.X. 2004).

       While default judgments are available in certain circumstances, "[d]efault

judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only

in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n.*, 874 F.2d

274, 276 (5th Cir. 1989). Policy counsels against disposing of cases using default judgments

and rather resolving cases on the merits. *Wooten v. McDonald Transit Associates, Inc.*, 788

F.3d 490, 496 (5th Cir. 2015). Courts have previously held that "a party is not entitled to a

default judgment as a matter of right, even where the defendant is technically in default."

*Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

       Instead, Courts will consider whether allegations are well-pleaded. "A default

judgment is unassailable on the merits but only so far as it is supported by well-pleaded

allegations, assumed to be true." *Wooten*, 788 F.3d at 496; *Nishimatsu Const. Co., Ltd. V.

Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Defendants are "not held to admit

facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

And "while legal conclusions can provide the complaint's framework, they must be supported by

factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

## ANALYSIS

       The Court acknowledges that Defendants Solis and Cardoza were both properly

served by Plaintiff on April 18, 2023. *See* ECF No. 13. The Court further acknowledges that

neither Defendant Solis nor Defendant Cardoza answered the complaint timely, nor did

Defendants or Defendant's representatives make an appearance on their behalf. Technically,

Defendants Solis and Cardoza are in default, however, their failure to timely answer the

3

complaint or make an appearance in the case does not mean Plaintiff's Motion for Default

Judgment is granted as a matter of right.   *Ganther*, 75 F.3d at 212.   As a threshold matter, the

Court must look at whether Plaintiff's allegations are well-pleaded.   *See Wooten*, 788 F.3d at

496; *see also Nishimatsu*, 515 F.2d at 1206.   The Court determines that the allegations are not

well-pleaded, and therefore granting of a default judgment is inappropriate in this situation.

In the section titled "Defendant Participation," Plaintiff discusses the culpability

of each of the individual defendants named in the lawsuit.   Compl. 4–6, ECF No. 3.   In

describing Defendants Solis's and Cardoza's actions, Plaintiff states

> "Defendant . . . did knowingly and willfully violate the civil rights of the plaintiff.
> [They] conspired with the other defendants to deprive the plaintiff of civil rights
> under the color of law.   By way of using fear, intimidation, and coercion to
> generate revenue for the State of Texas.   [They] [were] involved in the unlawful
> arrest of the plaintiff.   [They] made no attempt to intervene or uphold the civil
> rights of the plaintiff.   [They] caused great emotional distress and lasting
> psychological effects.   As well as destroyed the plaintiff's credit and ability to
> work.   [Their] actions were unbecoming an Officer, but in line with the standards
> of the Hudspeth county Sheriff's Department."   *Id.* at 5—6.

Nowhere in this section does Plaintiff state how Defendants Solis and Cardoza violated his civil

rights, nor does Plaintiff explain how or why his arrest was unlawful.   Plaintiff includes nothing

but conclusory statements that do not implicate a concrete cause of action that this Court can

address.

In the next section, Plaintiff includes a "Claim List" where he listsseach causes of

action and which defendants are connected to each cause of action.   Compl. 6–8, ECF No. 3.

This section can generously be described as not competent and not well-pleaded.

For example, to support his claim of false arrest, Plaintiff states "[t]he charges

they have filed against the plaintiff in state court, have no victim.   Therefore they are not

crime."   *Id.* at 6.   But whether there is a named victim other than the State of Texas or

4

Hudspeth County is not the standard to determine what is and is not a crime.

For his 42 U.S.C. Sec. 1985(3) claim, Plaintiff states the following " . . . [t]hey went onto the highway in disguise as peace officers, while acting under the color of law.   In order to kidnap, steal, and extort the plaintiff of life and property without due process of law." *Id.* at 7.   But Defendants cannot defend themselves against accusations that they were *disguised* as peace officers when the record is clear – they are sheriff's deputies with the Hudspeth County Sheriff's Office.

And finally, Plaintiff states that "[a]ll defendants used fear, intimidation, and coercion to achieve the political agenda of generating revenue for the State of Texas."   *Id.* at 8. Again, the Defendants cannot defend themselves against allegations that they were trying to generate revenue for the state of Texas and pursuing particular political agenda.   These claims are invented out of whole cloth and have no merit.

## CONCLUSION

Because Plaintiff's Motion for Default Judgment against Defendants Carlos Solis and Stephanie Cardoza is not based on well-pleaded allegations, this motion should be denied.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's' "Motion for Default," ECF No. 19, is **DENIED**.

SIGNED this _14_ day of **September 2023**.

**DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

5